UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JERMEY LEONARD WOODMAN,  Case No. 2:16-cv-01876-CL

    Petitioner,  ORDER

v.

BRIGETTE AMSBERRY,

    Respondent.

---

CLARKE, Magistrate Judge:

Petitioner brings this federal habeas corpus petition under 28 U.S.C. § 2254 and challenges his murder conviction. Respondent argues that the petition is barred by the relevant one-year statute of limitations and must be dismissed. Petitioner maintains that the statute of limitations should be equitably tolled for more than seven years because his severe mental impairments prevented him from filing a timely petition. *See Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

Petitioner was convicted of murdering a man who had sexually abused him as a teenager. Petitioner asserts that, after his conviction and incarceration, his mental health symptoms worsened and led to suicidal ideation whenever he thought about the circumstances of his

1   - ORDER

conviction and the abuse he endured. Petitioner argues that he could not pursue a federal habeas petition for several years without risking his mental stability and heightening his suicidal tendencies. Petitioner concedes that he was "not in crisis during the entire period for which he seeks equitable tolling" but maintains that challenging his conviction at that time "would require him to recall memories which put him at life-threatening risk." Pet'r Br. at 5-6 (ECF No. 31).

The record shows that petitioner has suffered from serious mental health issues since his conviction, including post-traumatic stress syndrome, anxiety, depression, and suicidal ideation. *See generally* Pet'r Exs. (ECF No. 31-1). Petitioner's symptoms cyclically worsened and improved during the pendency of his state petition for post-conviction relief (PCR), and at one point he was placed on suicide watch for two days. *Id.* at 29, 600, 602-06, 609-12, 614, 616, 623-24. The record is unclear whether and to what degree the stress associated with the PCR petition caused petitioner's worsening symptoms and suicidal thoughts. *See, e.g. id.* at 614, 623-24.

The record further reflects periods between 2008 and 2016 when petitioner was stable and did not appear to suffer from disabling mental health symptoms. Pet'r Exs. at 18, 29-30, 39-40, 44-46, 49-51, 53-58, 67-69, 78-79, 83, 99-100, 574. At the same time, petitioner's periods of stability were interspersed with periods of increased anger, anxiety, depression, and thoughts of self-harm. *Id.* at 19-20, 26-27, 47-48, 52, 61-64, 101-02, 120-21, 171, 215-20, 536, 545-47, 576, 579, 583-84, 614-16, 623. Again, it is not entirely clear whether petitioner's mental state during these periods "rendered him unable personally to prepare a habeas petition and effectuate its filing" and "made it impossible to meet the filing deadline." *Bills*, 628 F.3d at 1100.

Petitioner moves for an evidentiary hearing "to introduce further evidence of his mental health impairments, including but not limited to live testimony from a mental health expert." Pet'r Sur-Reply at 7 (ECF No. 53). I agree that an evidentiary hearing and testimony from a

mental health expert or a provider, in particular, would be helpful to further develop the record and determine whether petitioner's mental impairments prevented him from filing a timely federal habeas petition.

## CONCLUSION

Petitioner's request for evidentiary hearing is GRANTED. Within 14 days from the date of this Order, counsel shall confer regarding the potential date, place, time, and length of the hearing and the number of witnesses. Counsel shall then contact Rebecca Moore via email at Rebecca_Moore@ord.uscourts.gov to schedule a telephonic status conference to discuss these matters with the court.

IT IS SO ORDERED.

DATED this 13 day of September, 2019.

MARK D. CLARKE
United States Magistrate Judge